[5 NYS3d 806]

THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, v TRACEY M. SCHRAVER, Defendant.

County Court, Hamilton County, January 16, 2015

---

**APPEARANCES OF COUNSEL**

*Mark T. Montanye* for defendant.
*Marsha K. Purdue, District Attorney*, for plaintiff.

**OPINION OF THE COURT**

S. PETER FELDSTEIN, J.

Defendant, Tracey M. Schraver, was indicted on April 10, 2014 on three counts of grand larceny in the third degree, in violation of section 155.35 of the Penal Law of the State of New York. By omnibus motion dated May 28, 2014, he has moved to dismiss this indictment, together with other relief sought in the alternative. By order dated June 20, 2014, the court found that the release to him of the grand jury minutes sought by defendant in his motion was necessary, and ordered that the People be heard as to why those minutes ought not be released to defendant. After hearing counsel on July 27, 2014, the court ordered from the bench such release, and afforded defendant time to supplement his motion. A supplemental motion has been submitted on behalf of defendant, dated October 30, 2014, renewing and elaborating his demand that the indictment be dismissed. The People, by affirmation in response dated December 8, 2014, oppose the renewed motion to dismiss. Defendant has submitted no further pleading in reply.

The court has reviewed in detail the grand jury minutes submitted. Upon that review it is clear that at least two sets of errors occurred in the presentation of the matter by the District

Attorney, of so serious and so prejudicial a magnitude that the integrity of the grand jury proceeding was in fact impaired, with the consequence that the indictment must be dismissed. The first set of fatal errors concerns the instructions to the jury on the law respecting the crime of larceny as here pleaded. The second set of errors involves a statutory violation reflecting an impermissible incursion into the deliberative discussions of the grand jury by the District Attorney, which violation independently necessitates such dismissal.

As indicated above, defendant is charged with three counts of grand larceny, third degree, a class D felony; all charges arise from his apparently admitted failure to complete work contracted for in construction of a log home for an individual in Indian Lake, New York. The first count of the indictment reads as follows:

> "**THE GRAND JURY OF THE COUNTY OF HAMILTON**, by this Indictment, accuses the defendant, Tracey M. Schraver, of the crime of: Grand Larceny in the third degree, as a felony, in violation of § 155.35 of the New York State Penal Law, committed as follows:
>
> "The said defendant, on or about the 1st of March 2013, in the Town of Indian Lake, county of Hamilton and State of New York, did intentionally, knowingly did steal over three thousand dollars ($3,000.00) from Vito Carbonara by false promise of construction of a home on Wee-O Trail, Town of Indian Lake, County of Hamilton and State of New York."

The second and third counts are identical in all respects, except that the second charges "Grand Larceny in the third degree of Larceny by Embezzlement," and the third charges "Grand Larceny in the third degree of Larceny by Trick." The factual assertions of each count are verbatim copies of one another. Thus, while asserting various theories of commission of larceny, in each instance the People are asserting within the charging instrument that the crime or crimes were committed "by false promise."

Section 155.05 of the Penal Law defines larceny, and in subdivision (2) sets forth the proscribed methods of commission of this crime. Paragraph (a) includes, inter alia, "common law larceny by trick, [and] embezzlement." Penal Law § 155.45 (1) provides that, except in the case of extortion (not at issue here), an indictment need not set forth "the particular way or man-

ner in which such property was stolen or the particular theory of larceny involved." This provision of law reflects a variation from the usual rules, specific to the larceny context. In non-larceny cases, it is required that each count of an indictment charge only one offense, or risk being considered "duplicitous," a flaw which "would permit a jury to render a less-than-unanimous verdict" (Morris and Black, Criminal Law in New York § 11:12 at 335 [4th ed 2013]). Except when extortion is charged, Penal Law § 155.45 specifically permits pleading and proof of the commission of larceny on more than one theory. Thus, submission to the grand jury of a single count of grand larceny, third degree, is contemplated by the statute, without specifying the manner of commission—and doing so here might well have obviated the confusion which at least one juror expressed to the prosecutor following her initial attempt at instructing on the law.

■ Where, as here, the prosecution does specify a particular theory as to the manner of commission, however, it is clear that it is bound by that theory (*see People v Grega*, 72 NY2d 489 [1988]). In each count of the instant indictment, the theory presented includes a wrongful taking "by false promise." False promise is a term not only specifically defined under the larceny statute (Penal Law § 155.05 [2] [d]), but one circumscribed within strict and narrow limits intended to prevent "an avalanche of criminal prosecutions based upon conduct essentially civil in character and constituting little more than breach of contract." (Staff Notes of Temp Commn on Rev of Penal Law and Crim Code, 1964 Proposed NY Penal Law [Study Bill, 1964 Senate Intro 3918, Assembly Intro 5376] § 160.05 at 352.) The circumscribing limits are set forth in detail in the unnumbered paragraphs under section 155.05 (2) (d), including inter alia that the accused must have acted, "pursuant to a scheme to defraud," to obtain another's property by means of a representation that he will engage in conduct "when he does not intend to engage in such conduct,"* and that the intention not to perform "may not be established by or inferred from the fact alone that such promise was not performed." The grand jury must be charged appropriately, in light of these statutory limitations. It is not the case, as asserted by defendant in his mo-

---

* The venerable first edition of the Criminal Jury Instructions emphasized the point accordingly: "mere failure to keep a promise is not a crime. Only a promise made *with no intention of keeping it or of engaging in the promised conduct* is criminal." (2 CJI[NY] 155.05 [1], [2] [d] at 873.)

tion, that the People must charge the *trial* standard of proof regarding intention ("excluding to a moral certainty every hypothesis except that of the defendant's intention or belief that the promise would not be performed" [Penal Law § 155.05 (2) (d)]): CPL 190.65 (1) requires only that a grand jury find reasonable cause to believe that such intention existed (*see People v Jennings*, 69 NY2d 103 [1986]). But it is assuredly the case that, even allowing for submission to the grand jury under that lesser burden, the utter absence of any instruction whatever with regard to these crucial statutory constraints is fatal to a grand jury presentment. It is just such a complete and fatal absence of instruction on these statutorily mandated provisions that exists here.

A prosecutor may satisfy the statutory requirement of instructing on the law (CPL 190.25 [6]) by doing no more than "reading to the Grand Jury from the appropriate sections of the Penal Law" (*People v Calbud, Inc.*, 49 NY2d 389, 395 n 1 [1980]); but "[w]hen the District Attorney's instructions . . . are so incomplete or misleading as to substantially undermine [its] essential function, it may fairly be said that the integrity of that body has been impaired." (*Id.* at 396.) In such circumstance, CPL 210.35—and indeed, fundamental fairness itself—requires nothing less than the dismissal of the instant indictment.

The second fatal error alluded to above consists of a failure of the District Attorney to adhere to a fundamental principle of grand jury functioning: under CPL 190.25 (3), "during the deliberations . . . of a grand jury, only the grand jurors may be present in the grand jury room." While it is nowhere stated what constitutes grand jury "deliberations" *per se*, a review of the transcript of the proceedings makes clear that at various stages during the course of the proceedings, when seeking to formulate questions for which they desired additional witness testimony (*see* tr at 55, lines 4-15; at 56, line 7 through 57, line 5; at 80, line 17 through 81, line 9), members of the grand jury engaged one another—and even the District Attorney herself—in dialogue characteristic of the deliberative process. Thus, on issues critical to their determination (and in advance of having been instructed on the law) they debated among themselves, analyzed the import of factual matters which had been presented to them, resolved differences in their recollections, and even determined the legal significance to themselves of the conclusions they thereby achieved—and all while in the presence of both the District Attorney and the court reporter.

■ It was the absolute duty of the District Attorney to have interrupted this process, and either to have directed its deferral to the appropriate point in the presentation (i.e., at the conclusion of her presentation, after she had instructed them on the law), or at a minimum to have excused herself and the reporter and afforded the jurors the opportunity to converse among themselves upon their interim issues and thereby to resolve among themselves the questions they sought to have her ask the witness. By not bringing these deliberative-type discussions among the jurors to a stop in her presence, and indeed by actively responding to those discussions, the District Attorney—however inadvertently—participated improperly in the process, and thereby breached the fundamental statutory prohibition against nonjuror presence. The integrity of the grand jury process having thereby been impaired, dismissal of the indictment under CPL 210.35 is again mandated.

For the reasons cited above, this indictment is hereby dismissed, with leave to re-present.